UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MINNIE B. ROBERTSON, ET AL.               CIVIL ACTION

VERSUS                                    NO: 04-995

MONSANTO COMPANY                          SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is plaintiffs' **Motion to Remand (Rec Doc. 101)**.  This motion, which is opposed, was set for hearing on October 15, 2008 on the briefs.  Separately, the Court had asked the parties to brief the issue of subject matter jurisdiction following decertification of the class.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the Court maintains jurisdiction over this matter and plaintiffs' motion should be denied.

**<u>Background Facts</u>**

This action was originally filed in state court as a mass joinder case.  While in state court the plaintiffs amended the original petition so that the case could proceed as a class

action.  Subsequently, the defendant removed the case to federal
court.  Federal subject matter jurisdiction was established based
on 28 U.S.C. § 1332 diversity jurisdiction.  The case was not
removed under the Class Action Fairness Act.  No individual
plaintiff has asserted a claim that satisfies the jurisdictional
amount necessary for diversity jurisdiction.  Thus, the amount in
controversy necessary for diversity jurisdiction was established
using the amount of attorneys' fees likely to be recovered by the
class.  Pursuant to Louisiana Code of Civil Procedure article 595
the court is allowed to award litigation costs, including
attorneys' fees, in a class action and the award of such costs is
attributed to the class representatives.  As a result, at the
time of removal, the defendant was able to establish that the
attorneys' fees to be recovered would be greater than $75,000 and
this amount could be attributed to the representatives of the
putative class, creating subject matter jurisdiction under 28
U.S.C. § 1332.  Once jurisdiction was established for the class
representatives, the court could assert jurisdiction over the
other class members by means of 28 U.S.C. § 1367 supplemental
jurisdiction.

     After jurisdiction was established in this court, a class
was certified.  Defendant took an interlocutory appeal to
challenge class certification.  On appeal, the Fifth Circuit
decertified the class.  The claims of all plaintiffs are now

2

pending before this Court.

### The Parties' Arguments

Plaintiffs argue that as a result of class decertification there are no longer any class attorneys' fees that can be recovered pursuant to Louisiana Code of Civil Procedure article 595.  None of the plaintiffs individually have claims for greater than $75,000.  As a result the plaintiffs contend that the amount in controversy requirement is not met and this Court now lacks subject matter jurisdiction.

Defendant argues that the decertification of the class is irrelevant for purposes of determining whether subject matter jurisdiction exists.  Instead, defendant contends that once diversity jurisdiction attaches it is not divested as a result of subsequent events, including the reduction of the amount in controversy below $75,000 because of decertification of the class.

### Discussion

The issue of what effect, if any, the decertification or failure to certify a class has on a district court's subject matter jurisdiction has been thoroughly addressed in prior cases in this district.  In Pollet v. Travelers Property and Casualty Insurance Co., No. 01-863, 2002 WL 253204 (E.D. La. Feb. 20,

3

2002) Judge Duval addressed a similar motion to remand.  In that case, plaintiff had filed a putative class action in state court. Id. at *1.  The defendants removed the case to federal court based on diversity jurisdiction, asserting that the amount in controversy requirement was met by the potential attorneys' fees available to the class.  Id.  Subsequently, class certification was denied by the district court.  Id.  Plaintiff then filed a motion to remand arguing that the amount in controversy requirement was no longer met because class certification had been denied and thus the federal court lacked subject matter jurisdiction.  Id.  In considering the motion to remand, the court concluded that the federal court continued to have subject matter jurisdiction because the amount in controversy requirement had been met at the time of removal.  Id. at *2.  First, Judge Duval recognized the basic principle that "once a district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than the required jurisdictional amount do not divest the court of diversity jurisdiction."  Id. (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)).  The failure to certify a class is such a subsequent event.  Id.  The lack of class certification is not a clarification of an uncertain issue that would lead to reopening the jurisdictional question. Id.  As a result, Judge Duval found that because the amount in controversy

was met at the time of removal based on expected attorneys' fees
for the class the court continued to have jurisdiction even after
the failure to certify a class.  Id.

    The court in Pollet substantially relied on the Fifth
Circuit's decision in H&D Tire and Automotive-Hardware, Inc. v.
Pitney Bowes, 227 F.3d 326 (5th Cir. 2000) rehearing and
rehearing en banc denied, 250 F.3d 302 (5th Cir. 2001), cert.
denied, 534 U.S. 894 (2001).  In H&D Tire, a putative class
action had been brought in state court which was subsequently
removed to federal court based on diversity jurisdiction.  Id. at
328.  The amount in controversy was satisfied by the aggregated
amount of punitive damages.  Id.  The district court denied class
certification and granted summary judgment to the defendant.  Id.
On appeal, the Fifth Circuit raised the issue of jurisdiction,
specifically regarding whether the amount in controversy
requirement had been met.  Id.  The court stated that the "denial
of class certification is not relevant" to the jurisdictional
analysis.  Id. at 328 n. 3.  As a result, the court analyzed the
jurisdictional question as if the case were still a class action
because it had been a putative class action at the time of
removal.  Id. at 328-29.

    Similarly, in Kemp v. Metabolife International, Inc., No.
00-3513, 2003 WL 22272186, at *1 (E.D. La. Oct. 1, 2003), Judge
Berrigan addressed a motion to remand in a putative class action

after class certification had been denied.  The putative class
action had been removed to federal court based on diversity
jurisdiction with the amount in controversy satisfied by the
potential attorneys' fee award available to the class under
Louisiana Code of Civil Procedure article 595.  <u>Id.</u>  Following
the same analysis as discussed in the cases above, Judge Berrigan
concluded that "even if the putative class is denied class
certification, subject matter jurisdiction must be determined as
if the putative class were an actual class." <u>Id.</u> at *2.  After
discussing a challenge to the use of article 595 to form the
basis of jurisdiction, the court found that it continued to have
subject matter jurisdiction after the denial of class
certification even though the amount in controversy was based on
the putative class's attorneys' fees.  <u>Id.</u>

  The case at bar is nearly identical to <u>Pollet</u> and <u>Kemp</u>. The
plaintiffs filed suit in state court as a putative class action.
The putative class action was removed to federal court on the
basis of diversity jurisdiction.  The amount in controversy
requirement was satisfied by the attorneys' fees the class might
recover pursuant to Louisiana Code of Civil Procedure article
595.  However, there was a subsequent failure to certify a class.
As is plain from the cases discussed above, such a failure does
not undo the subject matter jurisdiction of the federal court.
Instead, the failure to certify a class is a "subsequent event"

following the establishment of subject matter jurisdiction, which has no bearing on that jurisdiction.  Accordingly,

**IT IS ORDERED** that plaintiffs' **Motion to Remand (Rec Doc. 101)** is hereby **DENIED.**

New Orleans, Louisiana, this 30th day of October, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7