UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MINNIE B. ROBERTSON ET AL				CIVIL ACTION

VERSUS							NO: 04-995

MONSANTO COMPANY					SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court are defendant's **Motion for Summary Judgment** (Rec. Doc. 200) and **Motion to Strike** (Rec. Doc. 211)**.** Having considered the motions and legal memoranda, the record, and the law, the Court finds that defendant's **Motion for Summary Judgment** (Rec. Doc. 200) and **Motion to Strike** (Rec. Doc. 211) are **GRANTED**.

**BACKGROUND**

This lawsuit arises out of a release of ammonia at the Monsanto Company plant in Luling, Louisiana on September 18, 1998. As a result of the release, Plaintiffs filed suit in the 29th Judicial District Court for the Parish of Saint Charles, Louisiana on September 20, 1999, and Monsanto removed the action

to this court on April 8, 2004.(Rec. D. 1)

After a long dispute about the appropriateness of class certification, the court held seven bellweather trials with individual plaintiffs on March 23, 2009. The result was a jury verdict in favor of Defendant.

**LEGAL STANDARDS**

**Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

**DISCUSSION**

**A. The Parties' Arguments**

Defendant argues that Plaintiffs are unable to make out the causation prong of their suit as required under Louisiana law. Moranto v. Goodyear Tire & Rubber Co., 650 So. 2d 757, 759

2

(La. 1995) "In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury." Id. Defendant alleges that Plaintiffs fail to do so with respect to both physical injuries *and* emotional distress.

Defendant argues that Plaintiffs are unable to show that they were exposed to sufficient quantities of ammonia to cause physical harm. In order to make out a prima facie case, Plaintiffs must show that their injuries plausibly came from defendant. Guilbeau v. W.W. Henry Co., 85 F.3d 1149, 1168 n. 45 (5th Cir. La. 1996) Defendant argues that Plaintiffs' own expert admitted that Plaintiffs were not exposed to sufficient levels of ammonia to cause physical harm.

Finally, Defendant contends that since Plaintiffs cannot show causation for physical injury, their emotional distress claims must also be dismissed. Plaintiffs must have been within the "zone of danger" in order to recover for alleged emotional or "fear and fright" damages. Harper v. Illinois C. G. Railroad, 808 F.2d 1139,1141 (5th Cir. La. 1987) Defendant argues that since Plaintiffs' own expert agrees that Plaintiffs were not within the "zone of danger," the emotional distress claims should be dismissed.

Plaintiffs present an updated affidavit from their expert which expands the zone of danger. Plaintiffs attach an updated calculation by Dr. Erno Sajo dated May 29, 2009 in which he explains why his previous model underestimates the potential impact of the ammonia on the Plaintiffs. He includes a new calculation which approximates much higher levels of ammonia in the areas where the plaintiffs were at the time of the spill.

Plaintiffs also contend that, even if they were not within the zone of danger, they are still entitled to recovery. Plaintiff cites Simmons v. CTL Distrib. to support this contention. 868 So. 2d 918 (La. App. 5 Cir. Feb. 23, 2004)

In Defendant's reply, they include a Motion to Strike the affidavit of Dr. Sajo. Defendant argues that the deadline for expert reports was 2004 and Plaintiffs have not asked for any extensions. Defendant further argues that Dr. Sajo has previously testified in court and been cross examined relying on the 2004 report. In fact, at plaintiff's request, Dr. Sajo's testimony was videotaped for use at subsequent trials. Defendant argues that they have relied on the 2004 report for many parts of this almost decade long litigation including the class certification briefing, discovery requests, and depositions.

Defendant also points out that Plaintiffs provide no reasons

4

for lateness of the report. Furthermore, defendants contend, that the new affidavit contradicts testimony given at trial.

Finally, Defendant contend that even with the new model by Dr. Sajo, Plaintiffs cannot prove medical causation.

**B. Analysis for the Motion to Strike**

District courts have broad discretion to "preserve the integrity and purpose of the pretrial order" by disallowing late submissions by parties in litigation. Geiserman v. MacDonald. 893 F. 2d 787, 790 (5th Circuit). The Fifth Circuit has laid out a test for determining when exclusion is appropriate:

> (1) the explanation, if any, for the party's failure to comply with the discovery order;(2) the prejudice to the opposing party of allowing the witnesses to testify;(3) the possibility of curing such prejudice by granting a continuance; and(4) the importance of the witnesses' testimony.

Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc., 73 F.3d 546, 572 (5th Cir.1996).

In the instant case, the plaintiffs present no explanation for this late addition of an expert report; the

5

prejudice of the new testimony of Dr. Sajo is obvious, a continuance would not suffice to cure the ill because discovery would need to be re-opened; and Dr. Sajo's testimony is at the center of the most important issue of the case which is the reasonableness of the Plaintiffs' fear of injury. Accordingly, the Court will **GRANT** Defendant's motion to strike Dr. Sajo's revised affidavit.

**C. Analysis of the Motion for Summary Judgment**.

Plaintiffs bear the burden of showing that Defendant was the cause of either physical injury or emotional distress. Louisiana precedent requires that Plaintiffs be within the "Zone of Danger" to successfully claim emotional distress. <u>Harper v. Illinois C. G. Railroad</u>, 808 F.2d 1139,1141 (5th Cir. La. 1987)

In light of the Court's refusal to consider Dr. Sajo's revised affidavit, the Court only considers the testimony provided at trial and earlier statements.

According to Plaintiffs' own expert, Dr. Sajo, the level of ammonia was never high enough outside the grounds of the plant to cause health concerns. This is undisputed in

6

the record.

Plaintiffs argue that they need not be within the zone of danger and cite Simmons v. CTL Distrib to support this argument. 868 So. 2d 918 (La.App. 5 Cir. Feb. 23, 2004) However, the facts of that case are very different. In that case, the victim died due to the stress of having been evacuated from her home as a result of a sulfur spill in her neighborhood. Id. at 923. The court found that since the defendant was the cause of the evacuation, they were causally responsible for her death. Id. at 925. The court did note that the levels of sulfur were insufficient to cause the alleged harm but that was not important in the final analysis. Id.

## CONCLUSION

Summary Judgment is appropriate where there are no genuine issues of material fact. Fed. R. Civ. P. 569(c). Defendant has shown that there is no genuine issue of material fact with respect to causation in this case. In their reply, Plaintiffs fail to raise any issues of material fact that would defeat Summary Judgment.

Plaintiffs attempt to include the revised affidavit of Dr. Sajo not only violates the Pre-Trial Order, but also violates the spirit of the Rules of Discovery. Accordingly,

**IT IS ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 200) and **Motion to Strike** (Rec. Doc. 211) are **GRANTED.**

New Orleans, Louisiana, this 23rd day of June, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE